UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

| | |
|---|---|
| LEVELL A. ABRAHAM,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GLOBAL TRUST MANAGEMENT, LLC,<br><br>　　　　　Defendant. | Case No.: 21-cv-10323-SDK-PTM |

**DEFENDANT GLOBAL TRUST MANAGEMENT'S BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Global Trust Management ("GTM"), by and through its attorneys, Lippes Mathias LLP submits this brief in further support of its motion for summary judgment (ECF No. 16), and in response to Plaintiff's Response and Brief in Opposition ("Plaintiff's Opposition"). ECF No. 19.

## ARGUMENT

Plaintiff has abandoned most of his claims, but those that remain for consideration cannot be saved from dismissal.[1] As set forth in GTM's moving papers, Plaintiff lacks Article III standing to maintain his claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for lack of an

---

[1] Plaintiff has abandoned his claims pursuant to 15 U.S.C. §§ 1692c(a)(1), 1692d(2), 1692e and 1692e(10), and M.C.L. § 339.915(f)(ii).

1

injury fairly traceable to GTM's conduct. Further, GTM's conduct does not rise to the level of harassing or unfair behavior necessary to constitute a violation of §§ 1692d, 1692d(5) and 1692f, or M.C.L. § 339.915(n).

## I.   PLAINTIFF LACKS STANDING

Plaintiff's Opposition focuses on two purported injuries resulting from GTM's debt collection activity, invasion of privacy and loss of consortium. Neither are sufficient to confer Article III standing. Plaintiff relies on the dissenting opinion in *Ward v. Nat'l Patient Acct. Servs. Sols.*, Inc., 9 F.4th 357, 363 (6th Cir. 2021) to present a contorted view of the Sixth Circuit's position on standing as it relates to invasion of privacy. In *Ward*, the majority opinion held that the alleged harm incurred from not knowing the identity of a debt collector (§§ 1692d(6) and 1692e(14)) does not bear a close resemblance to the harm traditionally addressed by the tort invasion of privacy. Significantly, the Court held, "[h]ad Ward claimed … [defendant] improperly shared personal information with a third party, 15 U.S.C. § 1692b, **publicized his debts**, **id. § 1692d(3)–(5)**, or used language on a publicly viewable envelope that would identify him as a debtor, id. § 1692f(8), then Ward's alleged harm would more closely resemble an invasion of privacy." *Id*. at 362. (emphasis added). The inference is clear: a violation of § 1692d(5) would more closely resemble the harm from an invasion of privacy if the debt is publicized. Here,

2

Plaintiff's debt was not publicized so *Ward* instructs that an invasion of privacy is not an adequate analogy.

Although the dissent in *Ward* stated a voicemail left after the consumer had made a **written** request to the debt collector to cease calling was sufficient to confer standing, this view is not controlling authority. Moreover, the analysis is factually distinguishable from this case because Plaintiff here did not make a written request to GTM. Plaintiff has referenced no decisional authority to suggest that the majority opinion in *Ward*, *supra*, and *Donovan v. FirstCredit, Inc.*, 983 F.3d 246 (6th Cir. 2020) do not control the outcome here.

Plaintiff's alleged loss of consortium does not confer Article III Standing because this "injury" is not fairly traceable to GTM. To establish standing, the Court must determine that the defendant's actions have a causal connection to the plaintiff's injury. *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir.), cert. denied, 142 S. Ct. 225 (2021). Here, Plaintiff testified his girlfriend thought he was being unfaithful because of the number of telephone calls he was receiving, and because he was not answering many of those calls. ECF No. 16-9, PageID.153-154. However, once he explained to his girlfriend who was calling him and why, she calmed down and their relationship returned to normal. *Id*. at PageID.156-157. Accordingly, any disconnect between Plaintiff and his girlfriend was the result of his failure to communicate honestly with her and not the calls made by GTM. This is made clear by the evidence

3

that their relationship improved after he confessed that he was avoiding debt collection calls, not calls from other women.

Accordingly, Plaintiff did not suffer a concrete injury necessary to confer Article III standing. For this reason alone, Plaintiff's Complaint must be dismissed.

**II.     PLAINTIFF HAS NOT RAISED A QUESTION OF FACT**

Plaintiff's primary argument in opposition with respect to his §§ 1692d and 1692d(5) claims is that GTM's purported failure to follow its internal policy regarding verbal cease and desist requests establishes GTM's intent to harass Plaintiff. There is no merit to Plaintiff's position as this is pure conjecture. Plaintiff does not identify any admissible evidence that suggests GTM's agents intentionally violated an internal policy because they intended to harass Plaintiff. Here, GTM called Plaintiff only 26 times over the course of 3 months and the parties engaged in only 4 conversations, which did not involve any abusive or obscene language. The evidence before the Court clearly belies Plaintiff's position.

Plaintiff has failed to reference any decisional authority that supports his arguments. To the contrary, the majority of cases favor GTM's position. In *Tye v. LJ Ross Assocs.*, 2013 WL 424765 (E.D. Mich. 2013), the plaintiff asserted §§ 1692d and 1692d(5) claims based on defendant debt collector's numerous phone calls multiple times a day that continued after her verbal request to defendant to stop calling her. *Id*. at *4. The plaintiff opposed defendant's summary judgment motion

4

arguing that because defendant was on notice that the calls were unwanted, and there was conflicting evidence of the frequency, pattern and intent of the call, there was sufficient question of fact as to whether defendant violated §§ 1692d and 1692d(5). *Id*. In granting defendant's motion and rejecting these claims, this Court held the plaintiff's verbal request for calls to cease was insufficient to create an issue of fact. *Id*. at *5. Furthermore, 37 calls in the span of three months, never more than twice per day, was insufficient evidence to sustain a violation of §§ 1692d and 1692d(5). *Id*. at *5-6.

Similarly, this Court's recent decision in *Bostic v. Michael Andrews & Assocs., LLC*, 2021 WL 4889591 (E.D. Mich. 2021) is analogous to the facts and legal theories at issue here. In *Bostic*, the plaintiff made a verbal request to the defendant to stop calling and, in response, the defendant stated it was allowed to continue calling and it did continue to call. These allegations formed the basis of plaintiff's §§ 1692d and 1692f claims. Relying on *Lashbrook v. Portfolio Recovery Assocs., LLC*, 2013 WL 4604281 (E.D. Mich. 2013) and *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006), this Court rejected the plaintiff's argument that the calls were harassing in nature because not only did she request they stop, but she also disputed the debt. In doing so, this Court held that *Harvey*, *supra*, "clearly established that calls are not harassing merely because they are unwelcome," and that *Lashbrook* granted summary judgment to the defendant debt

5

collector despite the allegation that plaintiff requested the calls stop and she disputed the debt. *Bostic*, *supra* at *5. Based on this decisional authority, this Court easily dismissed the plaintiff's § 1692d claims.

With respect to the dismissal of plaintiff's § 1692f claim in *Bostic*, this Court referenced cases both within and outside the Sixth Circuit that held an § 1692f cannot be based on the same misconduct that forms the basis of another violation. *See Saltzman*, *supra*; *Lashbrook*, *supra*; *Shand-Pistilli v. Professional Account Servs.*, 2010 WL 2978029 (E.D. Pa. 2010); *Thiessen v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2015 WL 3643989 (E.D. Pa. June 12, 2015). Given that the plaintiff's allegations of repeated telephone calls naturally fell under § 1692d, and the plaintiff did not allege any conduct which would have made them "unfair" or "unconscionable" rather than harassing, this Court held the phone calls are properly analyzed under § 1692d, not § 1692f.

For the additional reasons articulated in GTM's underlying brief, GTM's conduct does not rise to the level or harassment, unfair or unconscionable behavior in violation of the FDCPA.

### III. PLAINTIFF'S M.O.C. § 339.915(n) CLAIM FAILS

In his opposition, Plaintiff argues that because M.O.C. § 339.915(n) does not require a showing of intent, the record before Court satisfies the lesser burden to establish this claim. For the reasons expressed above and in GTM's underlying

6

moving papers, Plaintiff's M.O.C. § 339.915(n) claim fails because GTM's conduct was not abusive or harassing. Moreover, in *Boozer v. Enhanced Recovery Co., LLC*, 2019 WL 5295730, *12 (E.D. Mich. Oct. 18, 2019), this Court applied the same analysis to an M.O.C. § 339.915(n) that it did to the plaintiff's §§ 1692d and 1692d(5) claims without determining the intent of the defendant debt collector. "[T]herefore the analysis regarding § 1692d above explains why [defendant debt collector] did not violate Mich. Comp. L. § 339.915(n). *Id*. Accordingly, GTM is entitled to summary judgment on Plaintiff's M.O.C. § 339.915(n) claim as well.

## CONCLUSION

For the reasons above, GTM requests an Order of the Court granting its motion for summary judgment and dismissing the Complaint with prejudice, together with any other and further relief this Court deems necessary and just.

Dated: April 21, 2022

                                          **LIPPES MATHIAS LLP**

                                          /s Brendan H. Little
                                          Brendan H. Little, Esq.
                                          Attorneys for Defendant
                                          50 Fountain Plaza, Suite 1700
                                          Buffalo, New York 14202
                                          T: 716-853-5100
                                          F: 716-853-5199
                                          E: blittle@lippes.com

## LOCAL RULE CERTIFICATION

I, Brendan H. Little, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s Brendan H. Little  
Brendan H. Little

## CERTIFICATE OF SERVICE

I, Brendan H. Little, certify that on April 21, 2022, caused the foregoing document to be filed via the Court's ECF System, which will serve all parties of record.

/s Brendan H. Little  
Brendan H. Little
